**Alden H. SEITZER, Plaintiff,**

v.

**CITY OF WILLIAMSPORT,
et al., Defendants.**

No. 4:CV–94–0224.

United States District Court,
M.D. Pennsylvania.

March 15, 1996.

Jeffrey C. Dohrmann, Rieders, Travis, Mussina, Humphrey & Harris, Williamsport, PA, for plaintiff.

Jonathan M. Field, Edelstein, Mintzer, Diamond & Sarowitz, Philadelphia, PA, for defendants.

## *MEMORANDUM*

McCLURE, District Judge.

### BACKGROUND:

Plaintiff Alden H. Seitzer filed this action to recover damages for his dismissal from his civil service position as a paid firefighter for the City of Williamsport (the City). Williamsport Fire Chief Randy Goodbrod terminated plaintiff's employment on November 24, 1993, stating that plaintiff had violated various rules and regulations of the department including, *inter alia*, policies prohibiting unauthorized communications with the news media.

Plaintiff requested and received a hearing before the Fireman's Civil Service Board (the Board). The Board overruled the action of the fire chief and ordered plaintiff reinstated to his former position effective December 29, 1993. Plaintiff was awarded back pay and any overtime pay he would have received from the date of termination through the date of his reinstatement. Plaintiff remains employed with the department to this day.

Plaintiff asserts claims against the City, Chief Goodbrod, and Williamsport Mayor Philip E. Preziosi. Plaintiff alleges: 1) section 1983 [1] claims under the First Amendment (Counts I through V); 2) claims under Article I, section 7 of the Pennsylvania Constitution for the alleged violation of his right of freedom of speech (Counts VI through X); 3) section 1983 claims for the alleged violation of his right of substantive due process (Counts XI through XV); and 4) a defamation claim based upon the alleged publication of a standing order by defendants describing plaintiff as violence-prone and mentally unstable (Count XVI).

Before the court is plaintiff's motion in limine (record document no. 64). The motion is currently unopposed, although there is before the court an oral motion of defendants, made at the final pretrial conference held February 29, 1996, for leave *nunc pro tunc* to extend the time for the filing of an opposing brief. Defendants' motion for leave to file a response *nunc pro tunc* will be denied. Nearly two months have passed since defendants' opposing brief was due.[2] Defendants have given no convincing reasons for their failure either to file a brief within the fifteen days allotted under the local rules or to seek an extension within that time period. It was not until the court raised the issue at the final pretrial conference that defendants requested leave to file an opposing brief out of time. However, the reasons which follow, we will deny plaintiff's motion in limine.

### DISCUSSION

#### Proceedings at the state level

Plaintiff moves to preclude defendants from contesting in this action factual issues decided by the Fireman's Civil Service Board. When plaintiff's employment was terminated on November 24, 1993, he was given a memorandum of termination and discharge which alleged that he had violated six departmental rules and regulations by committing seven enumerated acts.

The memorandum charged plaintiff with violating the following departmental rules:

1) failing to "promptly obey and execute ... all lawful legitimate orders of a superior officer;"

2) furnishing information "relative to the business and affairs of the Bureau ... to persons not connected with the Bureau

---

1. 42 U.S.C. § 1983.

2. Plaintiff's motion and supporting brief were filed on December 8, 1995 (record document no. 64).

except as authorized by a Chief Officer or Director;"

3) failing to "promptly notify" his "immediate superior officer of all matters coming to ... [his] attention which would affect the interest or welfare of the Bureau;"

4) publicly criticizing the Bureau, its policies or other members ... when the criticism is defamatory ... unlawful or false;

5) conducting himself in a "manner ... unbecoming to a member of the Bureau;" and

6) being a party to "malicious gossip or activity which would tend to disrupt Bureau morale or bring discredit to the Bureau or any member thereof."

(Record document no. 64, exhibit "A")

Plaintiff was alleged to have violated these policies by committing the following acts:

1) contacting the Williamsport Sun–Gazette newspaper without authorization to comment on the "arson problem" within the City and suggesting that the problem worsened when union contract talks and budget negotiations stalled;

2) failing to notify his immediate superior of concerns relative to the alleged involvement of Bureau personnel in arson fires;

3) falsely insinuating and suggesting to the public that members of the department were responsible for arson fires within the City;

4) making false statements to the press that members of the department may be responsible for arson fires within the City;

5) falsely accusing Fire Chief Goodbrod of starting arson fires in the City;

6) giving false information to his superiors when asked to explain his contact with the members of the press in October and November, 1993; and

7) failing to give accurate and truthful information to his superiors in connection with their investigation into allegations of arson by members of the department.

(Record document no. 64, exhibit "A")

Plaintiff challenged these allegations in an appeal to the Fire Civil Service Board. Plaintiff denied the allegations made against him and demanded that proof of the same be produced at a hearing. (Record document no. 64, exhibit "B") A hearing was held on December 29, 1993. Both plaintiff and the City were represented by counsel at the hearing and both called witnesses on their behalf. The hearing was transcribed. A copy of the hearing transcript has been made part of the record of this action. (Record document no. 64, exhibit "C")

The Board issued its decision the day of the hearing. It overruled Fire Chief Goodbrod's decision to terminate plaintiff's employment and ordered him reinstated with full pay. The Board ordered that no charges be recorded against the plaintiff. (Record document no. 64, exhibit "D")

The City appealed the Board's decision by filing a Local Agency Appeal on January 27, 1994, *City of Williamsport v. Seitzer*, Civil No. 94–00164. The City asserted that the Board had erred in, *inter alia*, failing to base its findings upon substantial evidence and in not upholding the discharge of Seitzer. (Record document no. 64, exhibit "E")

The Board's decision was affirmed by the Lycoming County Court of Common Pleas in a decision by Judge William S. Kieser dated July 24, 1994. The court based its ruling on the record made at the administrative level after ruling on the City's challenge to the Board's exclusion of certain evidence. The court stated:

The Court finds the evidence presented to the Board substantiates its conclusion that the Appellant [the City] had failed to sustain its burden of proof regarding any or all of the alleged violations. This court does not find in the record substantial evidence supporting Appellant's contentions. It has also not been demonstrated to the satisfaction of this Court that any improper bias or prejudging of the outcome of the case has occurred on the part of the Board members....

(Record document no. 64, exhibit "F")

**Issue preclusion**

Plaintiff argues that the findings of the Board and the affirmance by the Lycoming County Court of Common Pleas bar defendants from reasserting the reasons given and

rejected at the state court level for his dismissal.

■ "Issue preclusion ... bars relitigation of issues adjudicated in a prior action." *Swineford v. Snyder County*, 15 F.3d 1258, 1266 (3d Cir.1994).[3] Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, this court is required to give the Pennsylvania court ruling the same preclusive effect as a state court would. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993), citing *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (issue preclusion) and *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984) (claim preclusion).[4]

■ "Decisions of state administrative agencies that have been reviewed by state courts are also given preclusive effect in federal courts." *Edmundson*, 4 F.3d at 189, citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 479–85, 102 S.Ct. 1883, 1896–99, 72 L.Ed.2d 262 (1982).

Here, the proceedings were reviewed by a state court, removing them from the realm of federal common law applicable under the United States Supreme Court's ruling in *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) and its progeny, and placing it squarely under section 1738 and its requirement that Pennsylvania law govern the outcome. Compare: *Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677 (4th Cir.1994) (Unreviewed state administrative decision not entitled to preclusive effect in a section 1983 action arising out of the same transaction or series of transactions under federal common law claim preclusion principles applicable under *Elliott*) and *Roth v. Koppers Industries,*

*Inc.*, 993 F.2d 1058, 1062 (3d Cir.1993) ("Following *Elliott*, the courts of appeals have unanimously concluded that unreviewed administrative agency findings can never be accorded issue preclusive effect in subsequent Title VII proceedings.")

■ Five preconditions attach to a finding of issue preclusion under Pennsylvania law. There must be proof that: 1) the issue decided in the prior case is identical to the one presented in the case currently under consideration; 2) there was a final judgment on the merits in the first action; 3) the party against whom the plea is asserted was a party or is in privity with a party in the prior case; 4) the party or person in privity with the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and 5) the determination in the prior proceeding was essential to the judgment. *City of Pittsburgh v. Zoning Board of Adjustment*, 522 Pa. 44, 559 A.2d 896, 901 (1989). All five must be satisfied before issue preclusion attaches.

### Plaintiff's case for issue preclusion

■ Plaintiff's case stumbles before we reach even the first element. The board made no findings of fact nor conclusions of law. Its ruling consists of a bare reversal of the City's decision to terminate plaintiff's employment.

Although Fire Chief Goodbrod listed seven alleged rules infractions as the reasons for plaintiff's discharge, placing the legitimacy of those reasons before the Board, the Board made no finding on any one of the seven.

The Board's decision consists in its entirety of the following statements read into the

---

3. Issue preclusion is often confused with claim preclusion, a broader concept with a more sweeping effect which "gives dispositive effect to a prior judgment if the particular issue, albeit not litigated in the prior action, could have been raised." *Id.*

4. Section 1738 applies only to rulings of a state court. It does not apply to judicially unreviewed, administrative factfinding of a state agency. *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

Federal common law rules govern the preclusive effect of unreviewed agency findings. Such findings are entitled to preclusive effect in federal court if, the Supreme Court held in *Elliott*, the state agency: 1) was acting in a judicial capacity; and 2) resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. If these conditions are met, federal courts must give the agency's factfinding the same preclusive effect it would receive in the state's courts.

record at the conclusion of the December 29, 1993 hearing:

> ... After hearing, we, Raymond L. Danneker, Malvin C. Chilson and John DiMarco, members of the Fire Civil Service Board, do hereby overrule the action of the Fire Chief Randy Goodbrod in the November 24th, 1993 termination and discharge of fire fighter Alden D. Seitzer and uphold his appeal from this termination and discharge. Fire fighter Addend. Seitzer shall be reinstated with full pay for the entire period during which he was prevented from performing his usual employment and no charges shall be recorded against him.

(Record document no. 64, exhibit "C" at pp. 148–49) Compare: *Bradley v. Pittsburgh Board of Education*, 913 F.2d 1064, 1073 (3d Cir.1990).

It is impossible for this court to determine from the record before us the basis for the state administrative and judicial rulings. There is nothing to indicate why the Board and the court overruled plaintiff's dismissal and ordered his reinstatement. More importantly, no factual findings were made on the validity of the reasons given by Chief Goodbrod for plaintiff's discharge. Plaintiff seeks to have this court bar defendants from defending this action by asserting any of the seven alleged rules infractions as a basis for the dismissal.

That result would require this court to infer that the reason for the Board's ruling and the court's affirmance was their finding that: 1) plaintiff had not committed the rules infractions alleged; 2) if he did violate departmental rules, the violations were *de min-*

*imis* and not serious enough to warrant his dismissal; or 3) Chief Goodbrod was motivated by other factors.

These is nothing in the record before us to suggest which of these alternatives was the basis for the administrative ruling or the court's affirmance. We would have to speculate in framing an order which would give those rulings the preclusive effect which plaintiff seeks. We cannot base our order on speculation, guess-work or unsupported inferences.

Although this result is unfortunate for the plaintiff, since, had the state court and administrative rulings included factual findings, we would have given them the preclusive effect which we read *Edmundson* to require.[5] On the state of the record before us, we have no alternative but to deny the motion due to the absence of factual findings.

\*     \*     \*

An order will be entered consistent with this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

Plaintiff's motion in limine (record document no. 64) is denied.

---

5. Were it not for the lack of factual findings and conclusions of law, all five preconditions necessary to confer issue preclusion would have been met. There was a final judgment on the merits before the Pennsylvania courts. Judge Kieser's decision dated July 24, 1994 is a final decision. The City did not appeal his affirmance.

The City was a party to the prior action and is, likewise, a party to this action. Although Fire Chief Goodbrod was not a party in the prior case, he is in privity with the City. He was, at the time of the hearing, in a policy-making position with the City and testified at the December 29, 1993 hearing in defense of his decision to terminate the plaintiff's employment. See: *Edmundson.*

Further, the City had "a full and fair opportunity to litigate" the issues in contention at the December, 1993 hearing. At stake was the validity of plaintiff's discharge and his right to reinstatement to his former position with full pay. The City's interest in avoiding that outcome was certainly sufficient to give it ample incentive to defend fully the decision to terminate plaintiff's employment. The Board's holding was reviewed in some detail by Judge Kieser and found the proceedings found to be free of reversible error and the findings supported by the evidence adduced at the December 29, 1994 hearing. Finally, Judge Kieser's ruling on the legitimacy of the reasons given for plaintiff's termination was essential to the holding of the case.